## B. A. Jessie *v.* Fannie E. Farmer, et al.

**Husband and Wife—Real Estate—Purchase—Set-Off.**
> Where land is purchased by the husband with the wife's money and conveyed to her, a purchaser from her cannot by buying claims against her husband set them off against the purchase money he owes the wife.

**Husband and Wife—Fraudulent Conveyance.**
> When land is purchased by the husband and conveyed to his wife, the greater portion of the purchase money being furnished by the wife, such conveyance could not be in fraud of the husband's creditors who became such long after the real estate was so purchased.

APPEAL FROM SHELBY CIRCUIT COURT.

January 12, 1875.

Opinion by Judge Pryor:

We have been unable to discover even the semblance of fraud on the part of Nichols or his wife upon the facts appearing in the record; but on the contrary, the appellant, with a full knowledge of the rights of the wife, purchased the claims of Huss and others, that he might apply them in payment of the note for the land.

He sold the land originally to Nichols, and made the conveyance to Nichols's wife. This sale and conveyance were made in the year 1868, and the debts attempted to be set off were not created until the year 1870. The conveyance made in 1868 had for its consideration the money of the wife arising from the proceeds of the sale of her land in the county of Owen. This money was invested in the purchase of appellant's property under the express agreement between Nichols, his wife and the mother of the latter, by which they consented to a sale of the Owen land, that the proceeds might be invested in the Shelby property for the benefit of the wife. The money was in good faith so applied, and the deed made to the wife by the appellant, who now claims that it was in fraud of the husband's creditors.

It might be conceded that the husband advanced as much as two hundred dollars out of his own means, or even more, and still the conveyance to the wife made in 1868 could not be said to be fraudulent as to debts created in 1870. The deed of 1868, as well as the deed made to appellant and accepted by him, gave him full notice of the wife's claim; and whilst the deed of 1868 could not operate to defeat the claims of creditors whose debts had been created prior to that time, if the consideration had been paid by the husband, in the present case no fraud can be perceived, as the deed was made before the debts had an existence, and the consideration or the greater part of it, actually paid by the wife. The identity of the land sufficiently appears from the judgment. Judgment *affirmed*.

*G. N. Robinson, for appellant.*
*Caldwell & Haewood, for appellees.*